IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI YOUNG, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>        v<br><br>POLO RETAIL, LLC, et al,<br><br>             Defendants.<br>_____/ | No   C-02-4546 VRW<br><br>ORDER |

        On June 29, 2006, the court heard oral argument on plaintiffs' motion for preliminary approval of a proposed settlement in this putative class action.  Doc #133.  At the hearing, the court expressed concern that the printed value of non-transferable Polo gift cards, which comprise nearly a third of the total proposed settlement amount, might exceed their real economic value.  Accordingly, the court requested that the parties file documentation indicating the real economic value of these gift cards for putative class members.

        Instead, the parties sent a letter dated July 11, 2006, to the court.  The letter requested a telephone conference with the court.  Such a conference is unnecessary at this time.  Rather, the

parties should furnish the court the additional information described in this order.

In the July 11 letter, defendants stated that at the June 29 hearing, "the Court appeared to be seeking information from Defendants regarding their mark up on the merchandise sold in both their full price retail and outlet stores." Doc #132 at 1. Contending that this information is "highly confidential and proprietary," defendants requested that they be allowed to provide this information *in camera* for the court's review or alternatively that they be allowed to file the information under seal. Id. Defendants subsequently provided the court with this information in a sealed declaration of Polo Vice President and Labor Counsel, Ravi Motwani.

The court agrees that evidence of a markup could be relevant in determining the real economic value of the gift cards. But concealing the amount of the markup from the public record is pointless given that, in order to approve the settlement, the court must publicly appraise the actual value of the gift cards. Accordingly, whatever evidence is filed to document the actual value of these cards, such as the Motwani declaration, must be filed publicly before the court can rely on that evidence.

The July 11 letter also indicates that defendants "have cost summaries of employee purchases which were prepared by their retained consultants during the litigation of this action. These summaries were not produced to plaintiffs['] counsel, but were reviewed and relied upon at the mediation by all parties and the mediator to analyze the settlement value of this action. While not specifically requested by the Court, these summaries would seem

1  relevant to the Court's inquiries.  However, they are confidential
2  and subject to the attorney client privilege and the submission of
3  this information to the Court in the form of a publicly filed
4  document would necessarily constitute a waiver of the privilege."
5  Id at 2.  Defendants subsequently provided the court with
6  information about the cost summaries in the sealed Motwani
7  declaration.
8            As with evidence of a markup, evidence regarding cost
9  summaries must also be filed publicly to permit the court to
10 appraise publicly the value of the settlement.  Moreover, the court
11 is unclear why these summaries could not be publicly filed, given
12 that they "were reviewed and relied upon at the mediation by all
13 parties."  Indeed, reliance on the summaries at the mediation which
14 led to the proposed settlement would appear to make the summaries
15 relevant to an evaluation of the settlement.  These summaries do
16 not appear to be offers or promises to compromise subject to FRE
17 408 or otherwise privileged or protected.  The court invites the
18 parties to provide the cost summaries in a public filing or to
19 submit information that adequately addresses the court's inquiries
20 and not filed under seal.
21           Finally, pursuant to the court's request, plaintiffs have
22 filed a declaration from class representative Toni Young describing
23 the role that she has played in this litigation.  Doc #131.
24 Although the declaration includes an estimate of the time that
25 Young spent working on this case, the declaration does not provide
26 Young's salary while she worked at Polo or other income that she
27 gave up in order to assist in this case.  This information is
28 relevant in determining whether the proposed incentive fee is

reasonable because it relates to Young's opportunity cost in pursuing this action.  Furthermore, Young claims to have incurred substantial expenses in connection with prosecution of this action.  But her declaration does not explain why, if these are legitimate expenses of the litigation, these expenses were not paid by counsel who are by virtue of their arrangement with Young, co-owners of her claim and that of the class.  Plaintiffs should ensure that they include this information in a further submission to the court.

The parties' further submissions should be filed not later than July 31, 2006.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge